UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MARK HARRIS and
AMY HARRIS,                                            Case No. DK 04-02258
                                                      Hon. Scott W. Dales

          Debtors.
_____/

### OPINION REGARDING TRUSTEE'S MOTION TO DISMISS

PRESENT:    HONORABLE SCOTT W. DALES
                  United States Bankruptcy Judge

Chapter 13 Trustee, Mary K. Viegelahn Hamlin filed a motion to dismiss the Chapter 13 case that Debtors, Mark and Amy Harris filed on February 26, 2004.  The Debtors opposed the dismissal, and I held a hearing in Kalamazoo, Michigan, on January 14, 2009.  For the following reasons, I will enter an order denying the Trustee's motion.

The court confirmed the Debtors' Second Amended Plan (the "Plan")(DN 65) by entering a "text order" on September 24, 2004.   In support of the dismissal motion (DN 165) (the "Motion"), the Trustee alleges that the Debtors failed to make plan payments, and that the Plan is "currently running at 72 months."  As the moving party, the Trustee has the burden of persuading me to grant the Motion.

At the January 14, 2009 argument on the Motion, the parties agreed that resolving this Motion did not require an evidentiary hearing, but instead called for an interpretation of the Plan. The parties waived the right to insist upon further factual development or briefing, evidently agreeing that the Debtors made the payments they contend they made.  Therefore, I accept as established by stipulation that the Debtors made the payments described in their responsive

papers.  See Debtors' Supplemental Response to Trustee's Motion to Dismiss Chapter 13 Case

(the "Response") at ¶ 4 (DN 168).

In view of the parties' statements, the issue for decision is whether the Plan required the

Debtors to commence forwarding Land Contract payments within 6 months after confirmation

(as the Trustee's calculations assume), or whether the Debtors could comply with the Plan by

making regular plan payments of $995 per month, and remitting the net proceeds of the Land

Contract sale when and as received.

Because some of the proceeds took the form of monthly payments from the Land

Contract vendees, I can understand why the Trustee might have regarded the installment portion

of the proceeds as part of the monthly plan payment. At the hearing, the Trustee's counsel

explained his client's view as follows:

> The trustee's position was that the amended plan provided for an initial
> six months of payments at $927.30 payments at $1,395, of which $995
> was the regular plan payment and $400 was the -- were the receipts from
> the land contract; followed by 24 months of payments at $995 following
> the sale of the property, the real estate.

See Transcript of Hearing on January 14, 2009 (DN 170).

In response to the Motion, the Debtors contend that the Trustee's Motion is premised on a

mistaken interpretation of the Plan.  The Debtors' counsel explained, without contradiction, that

the Trustee's Motion assumes that the Debtors were required to remit the payments they received

under the land contract for the sale of 50 acres of land adjacent to their residence (the "Land

Contract") commencing in May, 2005.  However, because of title concerns, the Debtors did not

close the sale that gave rise to the payment stream memorialized in the Land Contract until

approximately 11 months later than expected, in March, 2006.  Thus, it appears the Trustee

based her plan payment calculations (and this Motion) on the assumption that the plan required

Land Contract payments to be remitted to the Trustee almost a year before the Land Contract payments actually started.  Indeed, one of the Trustee's dismissal motions referred to the Debtors' failure to make the "regular plan payment of $1395."  See Amended Trustee's Motion to Dismiss Chapter 13 Case, dated Feb. 14, 2006 (DN 128).  Trustee's counsel reiterated this interpretation at the January 14, 2009 hearing.  It is no wonder the Trustee regarded the Debtors as perpetually in arrears, and sought dismissal for this reason on several occasions.  See Docket Nos. 165, 149, 128.

I have reviewed the Plan and have determined the Trustee's interpretation is incorrect. The Plan precisely prescribes the Debtors' regular monthly payment obligations as follows:

> The Debtors  . . . shall pay the Trustee the sum of $927.00 per month for the period of March 26, 2004 through August 26, 2004 and the sum of $995 commencing September 26, 2004 through the remainder of the plan term . . .

See Second Amended Plan at § I.A.  The Trustee's assertion that the Debtors were required to remit $1,395 starting in the seventh month is clearly at odds with this language.  I interpret the Plan, instead, as prescribing regular plan payments of $927 during the first six months, and $995 during the remainder of the term.

Of course, in fairness to the Trustee, as a matter of administrative necessity, she had to account for the stream of $400 monthly payments allocable to the Land Contract in her automated record and payment system.  She did so by either predicting or assuming that the additional $400 would start in the seventh month.  However, as the Debtors' counsel explained, because of title problems (presumably associated with the supposed interests of Capital Indemnity Corp.) the Land Contract payments did not commence in May, 2005 (as the Trustee's argument assumes), but instead started in March, 2006.  With respect to the real estate sold under the Land Contract, the Plan requires only that the Debtors remit to the Trustee "all proceeds after

expenses of sale." Debtors' counsel contends as a matter of fact, and without contradiction, that the Debtors did remit all net proceeds -- starting in March, 2006.

Because I accept the Debtors' interpretation of the Plan, I find that the Trustee's present Motion to Dismiss is founded on a mistaken premise. I will therefore deny the Motion.

Debtors' counsel shall prepare an order consistent with this Opinion.

END OF ORDER

**IT IS SO ORDERED.**      Scott W. Dales
United States Bankruptcy Judge   **Dated: January 26, 2009**